IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **LASAE D. SPRAGGINS,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:25-cv-0300-O-BP |
| § | |
| **IRONWOOD CROSSING PUBLIC** § | |
| **FACILITY CORPORATION,** *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff LaSae D. Spraggins's Emergency Motion for Preliminary Injunction and to Stay Writ of Possession Pending Appeal, filed March 24, 2025, and Motion to Pause the State Eviction Case and Enjoin Enforcement of the Writ of Possession, filed March 26, 2025. ECF Nos. 7 and 11, respectively. This case was referred to the undersigned on March 18, 2025. ECF No. 4. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiff's Motions. ECF Nos. 7, 11.

I.  **BACKGROUND**

This civil case arises from a pending eviction proceeding in Tarrant County. ECF No. 1. Spraggins sued Defendants in this Court, alleging that they deprived her of her rights under the Fair Housing Act (42 U.S.C. § 3601 *et seq.*) and the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*). ECF No. 1 at 1. She also urges state law claims for breach of contract, fraud, harassment, abuse of process, and malicious prosecution. *Id.* at 2-5. She filed the first pending Motion requesting a Temporary Injunction and a stay of the Writ of Possession issued in the state

case pending her appeal in state court. ECF No. 7 at 5. In that Motion, she also seeks transfer of the rented property at issue from Defendants to her, an award of profits Defendants derived from the property for the last five years, and additional general relief, including immediate "waiver of any requirement that rent be paid into the court registry based on the redundant and legal unfounded nature of such an order." *Id.* at 5-6. In the second Motion, she seeks a stay of the eviction proceedings and an order enjoining enforcement of the writ of possession. ECF No. 11.

## II.     LEGAL STANDARDS

### A.     Preliminary Injunction

"A preliminary injunction is an extraordinary remedy." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). In the Fifth Circuit, the four prerequisites for obtaining preliminary injunctive relief are as follows:

> (1) [A] substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest.

*Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). The party seeking injunctive relief must clearly carry the burden of persuasion on all four *Callaway* prerequisites to prevail. *Miss. Power & Light*, 760 F.2d at 621. Given the extraordinary nature of a preliminary injunction, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Id.* (citing *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975); *Callaway*, 489 F.2d at 576).

### B.     The Anti-Injunction Act

"The Anti-Injunction Act generally prohibits federal courts from interfering with proceedings in state court." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005)

(citing 28 U.S.C. § 2283). A court may not grant injunctive relief that would enjoin a party "from enforcing a valid extant judgment of a Texas court." *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414, 416 (5th Cir. 2013).

### C. *Younger* Abstention

Federal courts generally are obliged to decide cases within their jurisdiction: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (brackets in original). However, under the abstention doctrine explained in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny, courts recognize "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint*, 571 U.S. at 72. *Younger* abstention applies in three "exceptional" circumstances: "state criminal prosecutions, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.* at 73 (internal quotation marks omitted) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (2013)). Federal courts have a duty to ensure abstention under *Younger* would not be proper for the cases before them and may itself raise the issue. *Lawrence v. McCarthy*, 344 F.3d 467, 470 (5th Cir. 2003); *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 737 n.1 (5th Cir. 1999).

### III. ANALYSIS

In considering Spraggins's request for a preliminary injunction, the Court must first decide whether it has subject-matter jurisdiction to grant the requested relief in accordance with the Anti-Injunction Act and the abstention doctrine explained in *Younger v. Harris*. *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (courts must consider *sua sponte* whether jurisdiction is proper even in the absence of an objection).

The Court takes judicial notice that the state court apparently issued a writ of possession, and Spraggins has been unsuccessful in obtaining an order enjoining enforcement of the writ from the Second Court of Appeals at Fort Worth pending an appeal. *See* Texas Second Court of Appeals Case Search, https://search.txcourts.gov/Case.aspx?cn=02-25-00066-CV&coa=coa02 (last accessed March 27, 2025); Fed. R. Evid. 201. Thus, Spraggins's request that the Court enjoin Defendants from any eviction or forcible detainer seeks relief from orders in a pending state action that falls outside of this Court's jurisdiction under the Anti-Injunction Act and the *Younger* Abstention Doctrine. *Alexander v. Carrington Mortg. Servs., LLC,* No. 4:15-cv-332-Y, 2015 WL 12533062, at *1 (N.D. Tex. June 29, 2015); *Hernandez v. PreCab, Inc.*, No. 1:15-cv-275, 2015 WL 12747815, at *2 (E.D. Tex. Aug. 25, 2015); *Boerschig v. Trans-Pecos Pipeline, LLC*, No. PE:16-cv-00056-RAJ, 2016 WL 8674382, at *4 (W.D. Tex. July 13, 2016), *aff'd* 872 F.3d 701 (5th Cir. 2017).

Under Texas law, a forcible detainer action permits a court to determine which party has the immediate right to possession of a property. *E.g.*, *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 198 (Tex. App.—Dallas 2011, pet. dism'd). Spraggins's request that this Court enjoin Defendants from executing the writ of possession seeks "injunctive relief that would restore the possession [she] lost in the earlier litigation." *Knoles*, 513 F. App'x at 416. Where, as here, the injunctive relief Spraggins requests would restrain Defendants from executing a writ of possession lawfully obtained in a state court, the Court lacks jurisdiction to grant such relief. *Knoles*, 513 F. App'x at 416; *Brinson v. Universal Am. Mortg. Co.*, No. CIV. A. G-13-463, 2014 WL 722398, at *3 (S.D. Tex. Feb. 24, 2014).

Further, the Court cannot enjoin or stay such state eviction proceedings unless consistent with the Anti-Injunction Act. *See* 28 U.S.C. § 2283 (2025) ("A court of the United States may not

grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); s*ee also Vines*, 398 F.3d at 704 ("There are only three specific circumstances in which a federal court can enjoin a state court proceeding, when it is: (1) expressly authorized by a federal statute; (2) necessary to assert jurisdiction; or (3) necessary to protect or effectuate a prior judgment by a federal court."). Spraggins has not pleaded facts to show that any of the Anti-Injunction Act's exceptions apply in this case. Thus, the Court cannot stay or enjoin the state court eviction proceedings.

## IV.   CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Preliminary Injunction and to Stay Writ of Possession Pending Appeal (ECF No. 7) and her Motion to Pause the State Eviction Case and Enjoin Enforcement of the Writ of Possession (ECF No. 11).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on March 27, 2025.

                                                    _____
                                                    Hal R. Ray, Jr.
                                                    UNITED STATES MAGISTRATE JUDGE