IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LASAE D. SPRAGGINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0300-O-BP |
| | § | |
| IRONWOOD CROSSING PUBLIC | § | |
| FACILITY CORPORATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

**I.   LEGAL STANDARD**

Federal Rule 72 provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge related to a dispositive motion. FED. R. CIV. P. 72(b)(2). An objection that does "nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection'" under Rule 72(b). *Cuza v. Day*, No. 22-1354, 2023 WL 3270064, at *1 (E.D. La. May 5, 2023) (citation omitted); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Frivolous, conclusive or general objections need not be considered by the district court.").

An objection must be "sufficiently specific to put the district court on notice of the urged error." *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 511 (5th Cir. 1984).

A court may properly deny relief when objections are not specific enough to comply with Rule 72(b). *See Cuza*, 2023 WL 3270064 at *1–2 (dismissing the pro se's petition that did "not point out specifically where he believes [the magistrate judge] erred, whether it be in her fact-finding, legal analysis, or otherwise"); *Meggett v. Ayala-Meggett*, No. SA-15-CV-339-XR, 2015 WL 13216434, at *2 (W.D. Tex. Dec. 11, 2015) (finding court was not required to conduct a *de novo* review where pro se plaintiff did "not attempt to offer specific objections to the [m]emorandum and [r]ecommendation, but rather, simply rehashe[d] the factual allegations that [were] contained in his [a]mended [c]omplaint"). A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," otherwise a district court reviews the recommendation under a plain error standard. FED. R. CIV. P. 72(b)(3).

## II.   ANALYSIS

At the outset, Plaintiff does not satisfy the requirements of Rule 72(b). Although the FCR notified Plaintiff of her right to file objections pursuant to Rule 72, her filings do not identify any *specific* finding or recommendation with which she takes issue.

Plaintiff raises two arguments to this Court as objection to the Magistrate Judge's Findings and Conclusions, however, she does "nothing more than state a disagreement with the magistrate's suggested resolution." *Cuza*, 2023 WL 3270064, at *1. Plaintiff's objections are wholly conclusory, she cites no authority to support her assertion that the Magistrate Judge's legal conclusions are incorrect.

Nonetheless, liberally construing the objection, the Court finds two arguments lodged therein. First, Plaintiff argues that this case is an exception to the Anti-Injunction Act because

intervention is statutorily authorized by the Fair Housing Act and Americans with Disabilities Act.[1] Second, she argues that *Younger* abstention does not apply.[2] Both of these arguments fail.

First, Plaintiff objects to the Magistrate Judge's conclusion that the Anti-Injunction Act applies in this action. 28 U.S.C. § 2283. This is mistaken. The plane text of the statue applied in this case, namely, when a party seeks to enjoin a state court proceeding. *See id.* ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") Plaintiff does not dispute that she seeks to enjoin the state court proceedings.

That said, "[t]here are only three specific circumstances in which a federal court can enjoin a state court proceeding, when it is: (1) expressly authorized by a federal statute; (2) necessary to assert jurisdiction; or (3) necessary to protect or effectuate a prior judgment by a federal court." *Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 704 (5th Cir. 2005). The exceptions do not apply here. The two cases cited by Plaintiff are insufficient to prove that an exception applied in this case.[3] Plaintiff neither articulates the reasoning present in those cases to object to the Magistrate Judge's Order nor explains why the cases should be extended here. Accordingly, the Court agrees that the Anti-Injunction Act bars jurisdiction in this action.

As for her *Younger* abstention argument, this too fails. Plaintiff argues that "[f]ederal courts have previously intervened where state court orders would result in significant federal rights violations" and proceeds to cite unrelated cases.[4] This is insufficient to state an objection.

---

[1] Pl.'s Obj. 2–3, ECF No. 13.
[2] *Id.*
[3] *See id.* (citing *Mitchum v. Foster*, 407 U.S. 225 (1972) and *Ex Parte Young*, 209 U.S. 123 (1908)).
[4] *See id.* (citing Vines v. Univ. of La., 398 F.3d 700, 704 (5th Cir. 2005); Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 n.1 (5th Cir. 1999)).

### III.   CONCLUSION

After conducting a *de novo* review and finding no error, the Magistrate Judge's Findings and Conclusions are correct, and they are accepted as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunction and to Stay Writ of Possession Pending Appeal (ECF No. 7) and Motion to Pause the State Eviction Case and Enjoin Enforcement of the Writ of Possession (ECF No. 11) are **DENIED**.

**SO ORDERED** on this **4th** day of **April, 2025**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**