IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LASAE D. SPRAGGINS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-0300-O-BP |
| | § | |
| **IRONWOOD CROSSING PUBLIC** | § | |
| **FACILITY CORPORATION,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff LaSae D. Spraggins initiated this action by filing her Complaint on March 18, 2025. ECF No. 1. The case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 4.

Spraggins filed a Motion to Proceed *in forma pauperis* that the Court granted on March 26, 2025. ECF Nos. 9, 10. On April 7, 2025, the Court ordered Spraggins to respond to the Court's Questionnaire as part of judicial screening pursuant to 28 U.S.C. § 1915(e)(2) on or before May 5, 2025. ECF No. 19. Spraggins did not comply and instead filed multiple motions, including a Motion to Transfer Venue to the Dallas Division. ECF Nos. 20, 21, 22, 24.

On May 8, 2025, the Court *sua sponte* granted Spraggins an extension of time to comply with the Court's previous Order and file her responses to the Court's Questionnaire by May 22, 2025. ECF No. 25. In the extension order, the Court warned Spraggins that failure to file her responses to the Questionnaire may result in a recommendation that this case be dismissed under Federal Rule of Civil Procedure 41(b) for want of prosecution or for failure to obey a court order. ECF No. 25. To date, Spraggins has not filed her answers to the Questionnaire.

Further, on May 12, 2025, Spraggins filed a "Notice of Interlocutory Appeal" based on the Court's denial of Spraggins request for a PACER fee exemption. ECF No. 26. Even if the Court construes this "Notice" as a Motion for Certification of Appeal, the Court retains jurisdiction to determine the status of this case. *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 536 (5th Cir. 2024) (holding that when a party files a notice of appeal following entry of a non-appealable order, the notice of appeal does not divest the district court of jurisdiction); *United States v. Hitchmon*, 602 F.2d 689, 694 (5th Cir. 1979) (en banc), *superseded by statute on other grounds*; *see also Rutherford v. Harris Cnty.*, 197 F.3d 173, 190 n.17 (5th Cir. 1999).

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of her case under Federal Rule of Civil Procedure 41(b), Spraggins has not complied with the Court's orders to

respond to the Court's Questionnaire. In her Motion to Transfer Venue to the Dallas Division, Spraggins noted that the Court's Questionnaire was "legally complex," and noted that the Court imposed a "mandatory short timeframe." ECF No. 24 at 3. When she did not file a response by the initial deadline, the Court extended the deadline an extra two weeks to accommodate Spraggins' needs expressed in her Motion. Because Spraggins had a total of six weeks to file her answers to the Questionnaire and still did not do so, it appears she no longer wishes to pursue her claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Spraggins's noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this case **without prejudice** under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders. Considering this recommendation, the undersigned also **RECOMMENDS** that Judge O'Connor **DENY AS MOOT** Spraggins's Request for Appointment of Process Server (ECF No. 3) and Motion to Transfer (ECF No. 24).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on May 28, 2025.

                                           Hal R. Ray, Jr.
                                           UNITED STATES MAGISTRATE JUDG